UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LEE D. WILLIAMS, | ) CASE NO. 4:06 CV 1808 |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| DR. HADDAD, et al., | ) AND ORDER |
| Defendants. | ) |

On July 27, 2006, plaintiff pro se Lee D. Williams filed this action under 42 U.S.C. §1983 against Ohio State Penitentiary ("OSP") Physician Dr. Haddad, OSP Health Care Administrator Alberta Williams, OSP Institutional Inspector Tracy England, Ohio Department of Rehabilitation and Correction ("ODRC") Medical Director Dr. Reid, and ODRC Chief Inspector Cheryl Martinez. In the complaint, plaintiff alleges he was denied pain medication and medical appointments. He seeks monetary relief.

**Background**

On March 4, 2005, an OSP corrections officer discovered that Mr. Williams was hoarding his narcotic pain medication in his cell. He was told that same day at pill call that his medication was being discontinued until he saw Dr. Haddad. He claims he reported to Dr. Haddad on March 11, 2005 complaining of pain in his back and was told that he had to leave the office

because he had put the doctor in "a bad position." (Compl. at 1.) He filed a grievance against Dr. Haddad for refusing to treat him.

Mr. Williams saw Dr. Haddad again on March 18, 2005 still complaining of back pain. Dr. Haddad prescribed a new non-narcotic medication for him. He reported to sick call once again on March 25, 2005 claiming that the new medication had not alleviated the pain. He was told to give the new medication time to work.

Mr. Williams alleges that Dr. Haddad requested to see him on April 5, 2005. During this meeting, Dr. Haddad allegedly stated that inmates and doctors should work together and urged Mr. Williams to retract his grievance. When Mr. Williams refused, Dr. Haddad allegedly intimated that a retraction could help Mr. Williams get the pain medication he requested.

Dr. Haddad allegedly visited Mr. Williams for a second time while he was showering on April 6, 2005. Mr. Williams asked Dr. Haddad to leave so that he could get dressed and offered to meet Dr. Haddad in the medical area. He claims that once they were in an examining room, Dr. Haddad again asked Mr. Williams to speak to the warden and drop the grievance. Mr. Williams indicates that he refused the request and asked Dr. Haddad what he was going to do about his back pain. He states that Dr. Haddad closed his file and stated, "what back pain?" (Compl. at 3.) Mr. Williams states he filed another grievance against Dr. Haddad.

Thereafter, Mr. Williams contends Dr. Haddad refused to see him. Mr. Williams signed up for nurses sick call on several occasions complaining of pain in his back and groin area. Each time, he was referred to see Dr. Haddad but Dr. Haddad refused to schedule the visit. Mr. Williams sought the assistance of the Health Care Administrator, Ms. Williams. She scheduled the appointments with Dr. Haddad and stayed to monitor the examinations.

Mr. Williams signed up for emergency sick call on June 25, 2005 complaining of

severe pain in his groin area. Dr. Haddad once again refused to see him. Ms. Williams intervened and again stayed with him to monitor the appointment. At some point during the visit, Dr. Haddad allegedly told Mr. Williams that he should get medical help from his "nurse friends." He states that Ms. Williams told Dr. Haddad to "be quiet" and then terminated the appointment. He filed a grievance against Ms. Williams.

On August 3, 2005, Mr. Williams had a scheduled appointment with Dr. Haddad. He claims Dr. Haddad moved his visit to another time because the state medical board was at the prison. When he arrived for his appointment at the later time, he was forced to leave the room so that Dr. Haddad could examine another patient. When he was called back into the room, Dr. Haddad allegedly threatened him. Mr. Williams filed a grievance against Dr. Haddad. He indicates another warden was brought in to investigate the allegations against the physician. Dr. Haddad was terminated from his employment with OSP. Mr. Williams claims that the defendants were deliberately indifferent to his serious medical needs and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. He further asserts that Dr. Haddad retaliated against him for filing grievances.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss under 28 U.S.C. §1915(e) any claim for relief in an in forma pauperis action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is
(continued...)

1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons set forth below, the claims against Ms. England, Dr. Reid and Ms. Martinez are dismissed pursuant to § 1915(e).

Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The complaint simply contains no facts which reasonably associate Ms. England, Dr. Reid and Ms. Martinez to any of the claims set forth by plaintiff.

Ms. England and Ms. Martinez are named in this complaint because Mr. Williams contends they did not properly investigate and respond to his grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999); See Martin v. Harvey, No. 00-1439, 2001 WL 669983, at *2 (6th Cir. June 7, 2001) (finding that "[t]he denial of the grievance is not the same as the denial of a request to receive medical care.") Mr. Williams fails to allege facts to reasonably indicate these defendants personally engaged in other activities which violated his constitutional rights.

Dr. Reid is included in this action because he failed "to supervise and investigate Dr. Haddad...." (Compl. at 12.) "Supervisory liability under § 1983 cannot attach where the allegation

---

(...continued)
invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id. Plaintiff must prove that they did more than play a passive role in the alleged violations or show mere tacit approval of the goings on. Id. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors. Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations of this type in the pleading which reasonably suggest that Dr. Reid engaged in conduct which would render him liable for the actions of Dr. Haddad.

## Conclusion

Accordingly, plaintiff's claims against Tracy England, Dr. Reid, and Cheryl Martinez are dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  This action shall proceed solely against Dr. Haddad and Alberta Williams.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

       IT IS SO ORDERED.


Date: October 27, 2006                S/John R. Adams
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.